OPINION of the Court, by
Ch. J. Boyle.
On the ^4th of October 1808, Kiddle executed to Brown a writing under seal, whereby he acknowledged to have borrowed of him ¿200, arid agreed tb deliver to him a negro boy, to be kept for the use of said money and as á security for its repayment. Kiddle having departed this life, Brown filed his bill in chancery, upon the above mentioned agreement, against the heirs and ad-rninistrator of Riddle. The heirs demurred to the bill, and the demurrer was sustained and the bill dismissed as to them. The administrator answered and denied that in truth there was $5 200 loaned by Brovvn to his intestate: but insisted if there were that sum loaned, , ill. i ■ ■ r , that as the boy who was agreed to be given tor the use of the money was worth ⅝ 80 per annum, the agreement was usurious and void.
The court below being of opinion that the suth borrowed was about $170, decreed the administrator of Riddle to pay that sum to Brown; to reverse which . i • 1 • r - , decree this writ or error is prosecuted.
Two points arise in this case- — 1st, Whether the agreement is usurious or not? And 2d, Whether, notwithstanding tc be Usurious, a court or equity cari decree the principal > sum loaned to be repaid upon a bill filed by the lendee ?
With respect to the first point, we can perceive no room-for doubt. There is here plainly a loan of money, and the negro boy which was agreed to be given for the iise of the money, is admitted by the eomplainarit to be worth 8© dollars per annum.
The act against usury (a) inhibits the taking, “ either directly or indirectly, for the loan of any money, wares or merchandize or other commodity, above the value of six pounds for thfe forbearance of @ne hundred pounds for a year, and after that rate for a greater or less sum, ®r for a longer or shorter time.”
The value per annum of the negro boy agreed to be taken for the use of the money loaned, being, acaording to the admission of the party himself, above that which is allowed to be taken by the statute, is therefore clearly within the terms of the inhibition. That the thing flrhich was to be taken for the use of the money loaned *208 was property, cannot affect the case : for to bring ⅜case literallyLwithin the statute, it is plainly not necessary either that the thing loaned or that which is received for the forbearance thereof should he money.(a)
The second point is one of still less difficulty. The statute expressly declares all agreements made contrary to its, provisions void, and a court of equity is no less bound by its provisions than a court of law. It is true the statute authorises the borrower to go into esquity to obtain of the lender a discovery of the usurious consideration upon which thé agreement is founded,' anc^ 'n that case permits him to be relieved against the payment of interest only. This provision of the statute is founded upon the principle that he who applies to a court of equity for relief, must himself do what is equitable. But it is evident that neither the provision of the statute in favor of the borrower, nor the principle upon tyhich that provision is supposed to be bottomed, can apply to the lender, or justify a court of equity in giving him relief, either in.whole of in part, upon an agreement made contrary to the prohibition of the statute.
The decree is therefore erroneous, and must be re-, versed with Costs, and the cause remanded that the bill may be dismissed with Costs.

 2 Littel. 45.

.. (a) 1 Haw. kins’s pl. C. Ufury, Sec 22, per 115, Floyer vs. Edwards, 793, Feltons vs Brooke-Douglas 736 to 744, Lowe vs Waller-2 Black 792-3 Wilton, 250.